| STATE OF INDIANA | IN THE MARION COUNTY SUPERIOR COURT |
|---|---|
| COUNTY OF MARION | SS: CAUSE NO. |

Alex Adams,

    Plaintiff,

v.

VC999 Packaging Systems,

    Defendant.

## Plaintiff's Complaint for Damages and Jury Trial Demand

Plaintiff Alex Adams, by counsel, brings this Complaint and Jury Trial Demand against Defendant VC999 Packaging Systems. In support, Plaintiff states the following:

### Parties

1. Plaintiff Alex Adams is an Indiana resident and works for The Smoking Goose.

2. Defendant VC999 Packaging Systems is a Missouri company that manufactured and placed the rs420 Rollstock Thermoformer into the stream of commerce.

### Factual Background

3. The rs420 Rollstock Thermoformer is a machine that uses heat to vacuum seal products for delivery and sale. The Smoking Goose uses the rs420 to package and seal its meat products.



- 1 -

EXHIBIT A

4. After The Smoking Goose purchased the rs420, a VC999 sales representative traveled to Indianapolis and spent 2-3 days at the Dorman Street location to both install the machine and train Smoking Goose employees on its use.

5. The VC999 representative trained on how to change the forming tables. He explained that to safely change out the forming tables, the employee should engage the safety mechanism by lifting one of the two plastic covers from the machine.



6. These covers are equipped with magnets that engage with coupling magnets on the machine. If the magnets are not engaged on both plastic covers, then machine should be inoperable.

7. On June 10, 2019, Plaintiff Alex Adams was working with the rs420 to package meat. The machine stopped working when the forming table shifted off its track.

8. Consistent with the training received from the VC999 representative, Alex engaged the safety mechanism by separating the plastic cover from the machine. He then attempted to get the forming table back on track.

9. While Alex was resetting the forming table, the machine engaged and trapped his hand between the forming table and the heating element, which runs at approximately 135 degrees.

10. After hearing Alex's screams for help, a co-worker ran over and unplugged the machine; it still wouldn't disengage. He bled the air compressor line; it still wouldn't disengage.

11. When that failed, another co-worker used a ratchet wrench to take apart the heating element and physically remove it from the forming table.

12. Alex's hand was trapped for ten minutes while the heating element cooked his skin.

13. As a direct result, Alex has suffered serious and permanent injuries.

## Count I
(Negligence)

14. Plaintiff incorporates by reference all prior allegations as fully as if set forth herein.

15. Defendant is in the business of designing, developing, manufacturing, marketing, promoting, labeling, and selling large machines, including the rs420.

16. Defendant was under a duty to act reasonably and use reasonable care to properly design, develop, manufacture, market, promote, label and sell a product that did not present a risk of harm or injury.

17. Defendant had a duty to take all reasonable steps necessary to ensure its products, including the rs420, were not unreasonably dangerous to its consumers and users and to warn Plaintiff and other consumers and users of the dangers associated with the rs420.

18. Defendant had a duty to ensure that it properly trained consumers and users, such as Plaintiff and Plaintiff's colleagues and co-workers, in the safe and

proper use of the rs420, including the safe and proper way to perform routine maintenance. Or, at a minimum, Defendant had a duty to not train users and consumers, such as Plaintiff and Plaintiff's colleagues and co-workers, to use or maintain the rs420 in an unsafe and/or unreasonably dangerous manner.

19. The rs420 was expected to and did reach consumers and users such as Plaintiff without substantial change in the condition in which it was sold and without substantial change to the warnings at the time in which it was sold. On the day Plaintiff was injured, the rs420 was in condition as when it was manufactured, inspected, marketed, labeled, promoted, distributed, and/or sold by Defendant.

20. Defendant breached these duties.

21. As a direct and proximate result of Defendant's breach, Plaintiff suffered permanent injuries and disfigurement.

**Wherefore**, Plaintiff Alex Adams, by counsel, respectfully request for the Court to enter judgment in his favor and against the Defendant on Count I, and award Plaintiff all damages to which he is entitled, including without limitation punitive damages, attorneys' fees and litigation costs to the extent allowed by law, and all further just and appropriate relief in the premises.

## Count II
(Failure to Warn)

22. Plaintiff incorporates by reference all prior allegations as fully as if set forth herein.

23. Defendant designed, developed, set specifications, researched, tested, manufactured, assembled, marketed, labeled, promoted, distributed, and/or sold the rs420 in an unreasonably dangerous condition.

24. At the time Defendant placed the rs420 into the stream of commerce, Defendant knew or should have known the rs420 presented an unreasonable danger to users when used in its intended and reasonably anticipated manner. Therefore, Defendant had a duty to warn of the risk of harm associated with use of the product.

25. Despite this duty, Defendant breached these duties by failing to adequately warn of material facts regarding the use and/or maintenance of the rs420. No user and/or consumer, including Plaintiff, would have used the product in the manner in which it was used had Defendant adequately warned against such use and/or maintenance.

26. The rs420 was defective and unreasonably dangerous at the time the product was placed into the stream of commerce due to inadequate warnings, labeling, instructions, and/or training.

27. The rs420 was expected to and did reach consumers and users such as Plaintiff without substantial change in the condition in which it was sold and without substantial change to the warnings at the time in which it was sold. On the day Plaintiff was injured, the rs420 was in condition as when it was manufactured, inspected, marketed, labeled, promoted, distributed, and/or sold by Defendant.

28. As a direct and proximate result of Defendant's breach, Plaintiff suffered permanent injuries and disfigurement.

**Wherefore**, Plaintiff Alex Adams, by counsel, respectfully request for the Court to enter judgment in his favor and against the Defendant on Count I, and award Plaintiff all damages to which he is entitled, including without limitation punitive damages, attorneys' fees and litigation costs to the extent allowed by law, and all further just and appropriate relief in the premises.

## Count III
### (Defective Design)

29. Plaintiff incorporates by reference all prior allegations as fully as if set forth herein.

30. Defendant designed, developed, researched, tested, licensed, manufactured, labeled, promoted, marketed, sold and distributed the rs420 in a defective and unreasonably dangerous condition.

31. The rs420 was defectively designed due to, among other things, Defendant's failure to ensure the safety mechanism, when engaged, prohibited the machine from powering on and operating.

32. The design defect rendered the rs420 more dangerous than an ordinary user or consumer would expect.

33. The danger of the rs420 was unknowable to Plaintiff and would have been considered unacceptable to the average user and/or consumer.

34. As a direct and proximate result of the product's defective design, Plaintiff suffered permanent injuries and disfigurement.

**Wherefore**, Plaintiff Alex Adams, by counsel, respectfully request for the Court to enter judgment in his favor and against the Defendant on Count I, and

award Plaintiff all damages to which he is entitled, including without limitation punitive damages, attorneys' fees and litigation costs to the extent allowed by law, and all further just and appropriate relief in the premises.

>Respectfully Submitted,
>
>WILLIAMS & PIATT, LLC
>
>/s/ *Joseph N. Williams*
>Joseph N. Williams (Atty. No. 25874-49)
>301 Massachusetts Avenue, Suite 300
>Indianapolis, IN 46204
>(317) 633-5270 / (317) 426-3348
>E-mail:   joe@williamspiatt.com
>
>Ann Marie Waldron
>WALDRON TATE BOWEN FUNK SPANDAU
>Inland Building
>156 East Market Street, 5th Floor
>Indianapolis, Indiana 46204
>(317) 296-296 / (317) 423-0772
>E-mail:   annmarie@wtbfs-law.com
>
>*Counsel for Plaintiff*

## Jury Demand

Plaintiff respectfully requests a trial by jury in the above case as to all issues.

>/s/ *Joseph N. Williams*
>Joseph N. Williams